1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7 RALPH GEORGE GOLDBERG,

8                        Plaintiff,                    CASE NO. C15-1944-RBL-MAT

9         v.

                                                       REPORT AND RECOMMENDATION
10 CAROLYN W. COLVIN, Acting                           RE: SOCIAL SECURITY
   Commissioner of Social Security,                    DISABILITYAPPEAL

11

12                       Defendant.

13         Plaintiff Ralph George Goldberg proceeds through counsel in his appeal of a final

14 decision of the Commissioner of the Social Security Administration (Commissioner).   The

15 Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and

16 Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ).

17 Having considered the ALJ's decision, the administrative record (AR), and all memoranda of

18 record, the Court recommends that this matter be REVERSED and REMANDED for further

19 administrative proceedings.

20                        **FACTS AND PROCEDURAL HISTORY**

21         Plaintiff was born on XXXX, 1957.[1]   He graduated from high school and previously

22 _____

23         [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
   Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT AND RECOMMENDATION
PAGE - 1

worked as a bakery counter clerk, hotel cleaner, telemarketer, and warehouse worker.  (AR 253, 267.)

Plaintiff protectively applied for DIB and SSI on February 5, 2013, alleging disability beginning June 15, 2002.[2]  (AR 209-21, 248.)  His applications were denied at the initial level and on reconsideration, and he requested a hearing.  (AR 140-45, 150-65.)

On December 9, 2013, ALJ Kimberly Boyce held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 36-91.)  On February 12, 2014, the ALJ issued a decision finding Plaintiff not disabled.  (AR 21-31.)

Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on November 2, 2015 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff now requests judicial review.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not worked after the alleged onset date.  (AR 23.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found Plaintiff's affective disorder to be severe.  (AR 23-24.)  Step three asks whether a claimant's impairments meet or equal a listed

---

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

[2] At the hearing, Plaintiff amended his alleged disability onset date to February 5, 2013, and withdrew his DIB application.  (AR 41-42.)

REPORT AND RECOMMENDATION
PAGE - 2

1  impairment. The ALJ found that Plaintiff's impairment did not meet or equal the criteria of a

2  listed impairment. (AR 24-25.)

3       If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

4  residual functional capacity (RFC) and determine at step four whether the claimant demonstrated

5  an inability to perform past relevant work. The ALJ found Plaintiff able to perform work at all

6  exertional levels, with the following non-exertional limitations: he can understand, remember,

7  and carry out unskilled, routine, and repetitive work. He can work in proximity to others, but not

8  in a team or cooperative effort. He can perform work that does not require interaction with the

9  general public as an essential element of the job, but other contact is not precluded. (AR 25-29.)

10  With that assessment, the ALJ found Plaintiff able to perform his past relevant work as a store

11  laborer and landscape laborer. (AR 29-30.)

12       The ALJ also proceeded in the alternative to step five of the sequential evaluation, where

13  the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to

14  make an adjustment to work that exists in significant levels in the national economy. With the

15  assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as industrial

16  cleaner and factory helper. (AR 30-31.)

17       This Court's review of the ALJ's decision is limited to whether the decision is in

18  accordance with the law and the findings supported by substantial evidence in the record as a

19  whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more

20  than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

21  mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747,

22  750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the

23  ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954

(9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting the opinions of examining psychologist Melanie Mitchell, Psy.D., as well as "other" medical source John Blatchford, MSW, and lay witness Delia Perez.  The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Dr. Mitchell's Opinion</u>

Dr. Mitchell examined Plaintiff in February 2013, without access to any of Plaintiff's records.  (AR 397-404.)  During the course of Plaintiff's examination, Dr. Mitchell performed a mental status examination, and Dr. Mitchell's associate performed memory testing.  (AR 401, 403-04.)  Dr. Mitchell opined that Plaintiff had several marked and severe functional limitations.  (AR 399-400.)  The ALJ discounted Dr. Mitchell's opinion because she did not review records, and her conclusions were "founded on the claimant's allegations, rather than any objective medical findings."  (AR 28.)  The ALJ also noted that Plaintiff reported false information to Dr. Mitchell, related to his past substance use.  (*Id*.)

Plaintiff argues that these reasons are not specific and legitimate.  Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."  *Lester v. Chater*, 81 F.3d 821, 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The Court agrees that the ALJ erred in discounting Dr. Mitchell's opinion based on her inability to review records, without acknowledging or discussing Dr. Mitchell's own objective findings upon mental status examination testing and/or memory testing.  It is not accurate to conclude that Dr. Mitchell's conclusions are based on Plaintiff's allegations, when she mentioned objective findings in numerous portions of her evaluation report.  (AR 399, 401, 403.)

REPORT AND RECOMMENDATION
PAGE - 4

1    The Commissioner contends that the memory testing cannot be attributed to Dr. Mitchell,

2    because it was performed by psychometrist Erin Siebert, rather than Dr. Mitchell.  Dkt. 14 at 6-7.

3    Ms. Siebert was working in conjunction to at least some degree with Dr. Mitchell, as is clear by

4    Dr. Mitchell's incorporation of Ms. Siebert's observations during memory testing into Dr.

5    Mitchell's report.  (AR 398.)  Even if Ms. Siebert's test results do not amount to an opinion

6    rendered by an acceptable medical source, the fact that Dr. Mitchell referred to them (AR 401)

7    indicates that her opinion was not solely based on Plaintiff's subjective self-reporting, as the ALJ

8    found.  Accordingly, the Court finds that the ALJ's reasoning in this regard is not legitimate or

9    supported by substantial evidence.

10       The ALJ also noted that Plaintiff had inaccurately reported his past substance use to Dr.

11   Mitchell.  (AR 28.)  Given that there is no indication in the record that past substance use

12   affected Plaintiff's ability to work, or that Plaintiff had used substances during the period

13   adjudicated by the ALJ, this is not a legitimate reason to discount Dr. Mitchell's opinion.

14       The Commissioner offers a number of other bases for affirming the ALJ's rejection of

15   Dr. Mitchell's opinion, which she admits the ALJ did not explicitly rely upon.  Dkt. 14 at 9-10.

16   These post-hoc rationalizations do not demonstrate that the ALJ's erroneous stated reasons are

17   harmless error, because a court may not affirm an ALJ's decision on a ground not stated by the

18   ALJ.  *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review

19   the reasons the ALJ asserts.").  On remand, the ALJ should reconsider Dr. Mitchell's opinion

20   and either credit it, or provide specific and legitimate reasons to discount it.

21                                   Mr. Blatchford's Opinion

22       Mr. Blatchford, Plaintiff's treating counselor, wrote a letter in November 2013 describing

23   Plaintiff's symptoms and treatment over the past seven months, as well as his functioning.  (AR

REPORT AND RECOMMENDATION
PAGE - 5

754.)  Mr. Blatchford indicated, in relevant part:

> Mr. Goldberg's thinking is quite rigid and deliberate.  He is given to verbal outbursts in his current shelter setting which are phrased in terms that are generally offensive and provocative.  He has no apologies for these outbursts.  I have serious concerns about him being able to maintain control in order to work in the stress of a regular workplace setting.

(*Id.*)  The ALJ gave little weight to Mr. Blatchford's letter, because (1) he is not an acceptable medical source, and (2) the letter does not explain how often Plaintiff experiences outbursts or whether workplace restrictions would eliminate or reduce those outbursts.  (AR 28-29.)

An ALJ is entitled to afford less weight to the opinion of an "other" source, as opposed to an acceptable medical source.  *See Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).  But the ALJ's primary reason to discount Mr. Blatchford's opinion — his lack of specificity about Plaintiff's outbursts — is not germane, in light of the VE's testimony that if an employee "addressed co-workers in a manner that was generally offensive and provocative" on a repeated basis, "this would not be tolerated in the workforce."  (AR 88.)  The VE further testified that the jobs identified at step five involved proximity to co-workers.  (*Id.*)  Thus, even if Plaintiff's outbursts were relatively infrequent, the VE's testimony indicates that any repeated outbursts would result in termination.  Mr. Blatchford's reference to multiple "outbursts" indicates that frequency is not an issue.

Furthermore, although the ALJ speculates that eliminating public interaction could eliminate or limit the outbursts described by Mr. Blatchford, his letter itself does not necessarily support this interpretation.  Mr. Blatchford did not indicate whether Plaintiff's outbursts were directed at strangers encountered in his shelter setting, or known co-residents, or staff members. (AR 754.)  Mr. Blatchford also did not identify the target of Plaintiff's outbursts, and therefore the Commissioner's assumption that Plaintiff's outbursts are caused by racism rather than his

REPORT AND RECOMMENDATION
PAGE - 6

impairments (Dkt. 14 at 11-12) is mere speculation.

Because the ALJ failed to provide a germane reason to discount Mr. Blatchford's letter, the ALJ should reconsider it on remand.

<u>Ms. Perez's Statement</u>

Ms. Perez, the program manager at the shelter at which Plaintiff volunteers, wrote a letter in December 2013 describing the problems Plaintiff encountered in volunteering 2-4 hours per week, namely with regard to taking direction from his supervisor and interacting with others. (AR 297.) Ms. Perez opined that Plaintiff "is not able to handle the stress of full or part-time employment. He is only barely able to maintain a few hours of volunteer work a week. Any increase will be too much stress for him." (*Id*.)

The ALJ gave some weight to Ms. Perez's letter, finding that the record indicated that Plaintiff's behavior in shelter settings "is at least partly volitional[,]" rather than caused by his impairments, and that the record shows that he can maintain employment when "motivated to do so." (AR 29.) The ALJ also noted that the RFC assessment eliminated interaction with the general public. (*Id*.)

The ALJ's reasons to discount Ms. Perez's letter are not germane, for a number of reasons. First, Ms. Perez described Plaintiff's refusal to take directions from his direct supervisor. (AR 297.) The ALJ's RFC assessment, eliminating public interaction, does not address this issue. The VE testified that an employee who does not follow a supervisor's instructions would not maintain employment. (AR 90.) Thus, although the ALJ posited that her RFC assessment accounted for the limitations described by Ms. Perez, this is not entirely accurate, and neither is the ALJ's assertion that Ms. Perez's observations do not support her conclusion that Plaintiff cannot work.

REPORT AND RECOMMENDATION
PAGE - 7

The Commissioner again argues that the problems described by Ms. Perez are attributable to Plaintiff's racism, rather than his impairments, but this, again, is mere speculation.  *See* Dkt. 14 at 15-16.  Ms. Perez's letter does not identify the people with whom Plaintiff struggled to interact appropriately as black men, as the Commissioner seems to assume.  Dkt. 14 at 15. Instead, Ms. Perez suggested that Plaintiff becomes easily frustrated with changes in routine, gets easily upset during interpersonal interaction, and refuses to comply with his direct supervisor's directions.  (AR 297.)

Because the ALJ did not provide germane reasons to discount Ms. Perez's letter, the ALJ should reconsider it on remand.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further administrative proceedings.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will

/ / /

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE - 8

be ready for consideration by the District Judge on **July 1, 2016**.

DATED this 10th day of June, 2016.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 9